CITY SAVINGS BANK OF DETROIT *v.* BROWN.

ASSIGNMENTS FOR BENEFIT OF CREDITORS — PREFERENCES—MORT-
GAGES—UNSECURED CREDITORS—GARNISHMENT.

A corporation conveyed all of its property in trust for the payment of certain indebtedness secured by mortgage thereon, and also for the payment of certain sums to the trustees and to M. There was in fact no pre-existing indebtedness to M. and the trustees, but they advanced money and supplies in the conduct of the business up to the amounts specified in the deed, and were repaid therefor out of the trust estate. *Held,* in garnishment proceedings against the trustees by an unsecured creditor, prosecuted on the theory that the trust deed was void as an assignment with preferences, that, no misconduct of the business being shown, the trustees and M. were entitled to reimbursement, and that, the remaining assets not exceeding the secured indebtedness, which was admittedly valid, plaintiff had no cause for complaint.

Error to Kent; Wolcott, J. Submitted January 10, 1902. Decided January 28, 1902.

Garnishment proceedings by the City Savings Bank of Detroit against Charles Brown and Milton P. Anderson, as garnishees of the Cleveland Woodenware Company and William B. Remington. From a judgment for plaintiff, defendants bring error. Reversed.

*Gordon & Kimmis,* for appellants.

*Clapperton & Owen* and *Arthur C. Denison,* for appellee.

MONTGOMERY, J. This proceeding against the garnishee defendants comes before us upon a special finding of facts for review. The plaintiff had judgment for $1,118.50 and costs, and the garnishee defendants bring error.

The facts not in controversy are that on the 28th of September, 1894, the Cleveland Woodenware Company was

indebted to the State Bank of Midland, the Midland County Savings Bank, and Filer & Sons in the aggregate amount of $25,587.36. On that date they gave real-estate and chattel mortgages covering substantially all their property, running to the two banks, and to Milton P. Anderson, as trustee for Filer & Sons, as security for the amount of these claims. On the 22d of December of the same year, the Cleveland Woodenware Company executed two instruments, one in the form of a trust deed, and the other in the form of a bill of sale, running to Charles Brown and Milton P. Anderson, the garnishee defendants herein, as trustees. These conveyances recognized the indebtedness secured by the mortgages of September 28th, provided for the payment of this indebtedness out of the property transferred, and also for the payment to Anderson and Brown of the sum of $5,000, the payment to Frank Mack of the sum of $4,000, and the payment to Henry P. Whipple of the sum of $4,000, and also any indebtedness of the Cleveland Woodenware Company to William D. Gordon, its attorney. It is the claim of the plaintiff, and the circuit judge so found, that these instruments in fact amounted to a common-law assignment for the benefit of creditors, and were open to attack by creditors as providing for unlawful preferences, and also as authorizing the trustees to conduct the business as it had been theretofore conducted by the company. On the trial of the case the circuit judge found that the indebtedness to the banks and Filer & Sons. was *bona fide;* that the mortgages were given and received in good faith, and were valid. The court further found that on the 22d of December the company was insolvent; that Brown and Anderson had on hand, at the time of the service of the process, $18,627 worth of property of the estate; that they owed debts, incurred in the conduct of the estate, $3,618.06, and owed the banks $19,044.66; and also found that the value of the property which the garnishee defendants held at the time of the service of the writ exceeded the amount of the indebtedness secured by the September mortgages in a sum equal to the judgment entered in this case.

The first question to be considered is whether the evidence supports this finding of fact, as, if it shall appear that nothing has come into the hands of the trustees in excess of the amount secured by the September mortgages, it would seem unimportant to inquire as to the validity of the instruments of transfer; for creditors occupying the position of plaintiff can have lost nothing by such transfer. The learned circuit judge, in determining the amount due upon these mortgages, found that Brown and Anderson paid themselves $5,000 out of the estate; that they had paid to Mack $4,000; and that they had paid to Brown, for his services, $2,500. This sum, apparently, was added to the amount on hand, $18,627, thus showing that defendants had realized a sum largely in excess of the debts remaining unpaid. It is argued here, as it evidently was in the court below, that the provision for payment to Brown and Anderson of the sum of $5,000, and for the payment to Mack of the sum of $4,000, and to Whipple of a like sum, constituted unlawful preferences, and that the payment by the trustees to these parties was unlawful, and should not be credited to them on an accounting.

We do not take this view of the transaction. It is true that the instruments of December 22d recite an indebtedness to Brown and Anderson of $5,000, and provide for their payment out of the proceeds of the property. They also provide for the payment to Mack of $4,000, and to Whipple of a like sum. The evidence on the trial discloses this state of facts: It appears that, at the time the property was taken over by Brown and Anderson, Whipple, Mack & Co. were engaged in business, and had supplies and property which it evidently was thought were of value in conducting the business. It also appears that Brown and Anderson thought it necessary to advance the sum of $5,000 for the conduct of the business. There was no pre-existing indebtedness, either to Brown and Anderson or to Whipple, Mack & Co. The indebtedness then and thereafter incurred in each instance was for

property which went into the hands of the trustees, and helped to swell the total received by them in the transaction of the business, presumably by an amount equal to the sum advanced. If there has been no mismanagement of the estate (and none is shown), it would appear, then, that the property owned by the Cleveland Woodenware Company at the date this transfer was made was less than sufficient to pay the indebtedness secured by the mortgages by a considerable sum; and this is the testimony of the only witness sworn upon the subject, Mr. Brown, who says that, in his judgment, the property would not have brought to exceed $20,000 at the time the trustees took possession. It is true, an inventory is referred to, showing the property at very much greater value; but the inaccuracy of this inventory is shown by the testimony of the trustee, Mr. Brown, which is undisputed, that after they took possession of the property they found that the president of the woodenware company had no title to timber claimed to have been purchased from Hubbard & Dingwall, and by the fact that at this date, so far as the inventory showed, the City Savings Bank, the present plaintiff, was a debtor upon the books of the concern, rather than a creditor. We think the court was in error in his conclusion of law that, as against this plaintiff, the payment to Brown and Anderson of $5,000, and to Mack of $4,000, was unlawful. If these payments should not have been made, certainly the trustees should not be treated as having received into their possession the property for which these payments were made. The plaintiff in this case is in no position to complain of a transfer of property which had no equity in favor of unsecured creditors.

We think the judgment should be reversed, and judgment entered here for the garnishee defendants.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.